IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MONROE OLIVER,

    Petitioner,

vs.

DARRELL HART, Warden,

    Respondent.

CIVIL ACTION NO.: CV608-112

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Monroe Oliver ("Oliver"), who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in Screven County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Oliver filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Oliver's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Oliver was convicted, after a jury trial, in Screven County Superior Court on December 12, 2001, of aggravated assault. The Georgia Court of Appeals affirmed Oliver's conviction and sentence by order dated March 23, 2006. Oliver executed a petition for writ of habeas corpus on April 23, 2007, which was filed in the Mitchell County Superior Court on May 24, 2007. An evidentiary hearing was conducted, and

Oliver's petition was denied on March 7, 2008. Oliver filed an application for certificate of probable cause, which the Georgia Supreme Court denied on September 8, 2008.

Oliver filed this petition on November 19, 2008. Oliver contends he received ineffective assistance of trial counsel and of appellate counsel. Oliver also contends that there was insufficient evidence presented at trial to support his conviction.

Respondent contends Oliver's petition should be dismissed as being untimely filed. Oliver responds that equitable tolling of the applicable statute of limitations is appropriate in this case.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Oliver's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Oliver was found guilty of aggravated assault in the Screven County Superior Court and was sentenced on December 12, 2001. Oliver filed a direct appeal, and the Georgia Court of Appeals affirmed the lower court's judgment on March 23, 2006. Oliver had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Oliver filed neither of these pleadings. Thus, his conviction became final on or about April 2, 2006. Ga. Ct. App. R. 37(b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed); and Ga. Ct. App. R. 38(a)(1) (stating a notice of intent to petition for writ of certiorari in the Georgia Supreme Court shall be filed within 10 days and that filing a motion for reconsideration is not a prerequisite). Because Oliver's conviction became final on April 2, 2006, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through

the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Oliver's conviction became final on April 2, 2006 and he filed his state habeas petition on April 23, 2007[1]. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations period.

Having determined that statutory tolling is not available to Oliver, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

---

[1] A pro se petitioner's state habeas corpus petition is deemed "filed" at the time the inmate deposits the petition in the prison's mail system. Taylor v. Williams, 528 F.3d 847, 851 (11th Cir. 2008). Thus, April 23, 2007, rather that May 24, 2007 (see p. 1), is the proper filing date of Oliver's state habeas petition.

According to Oliver, he did not learn of the Georgia Court of Appeals' decision affirming his conviction and sentence until after his federal statute of limitations period expired. Oliver asserts that his appellate counsel did not inform him of the Georgia Court of Appeals' decision, which prevented him from filing his petition timely. In support of his assertions, Oliver cites Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), and Justice v. United States, 6 F.3d 1474 (11th Cir. 1993). However, neither of these cases supports Oliver's contention that he is entitled to equitable tolling. In Davis, the Fifth Circuit Court of Appeals determined that section 2244(d)(1) "is to be construed as a statute of limitations, and not a jurisdictional bar. As such, in rare and exceptional circumstances, it can be equitably tolled." 158 F.3d at 811. The Eleventh Circuit Court of Appeals decided whether equitable tolling of the statute of limitations "is ever available in suits brought pursuant to the Public Vessels and Suits and Admiralty Acts[ ]" in Justice. 6 F.3d 1478.

Oliver has not shown that he is entitled to the equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. Accepting as true Oliver's contentions that his appellate counsel did not inform him of the Georgia Court of Appeals' decision and that Oliver wrote his attorney one (1) letter inquiring about the status of his appeal, Oliver has not shown that he diligently pursued his rights or that an extraordinary circumstance existed which prevented him from timely filing this petition. See Holland, 539 F3d at 1339 (noting several cases wherein the court determined attorney negligence or mistake was insufficient to warrant equitable tolling).

AO 72A
(Rev. 8/82)

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Oliver's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 21st day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE