UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MONROE OLIVER,

Petitioner,

v.                          608CV112

DARRELL HART, Warden,

Respondent.

## ORDER

Convicted of aggravated assault in Screven County Superior Court, Monroe Oliver petitioned the Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. # 1. This Court dismissed that petition as untimely, doc. ## 12 (Report and Recommendations); 15 (Order adopting), and Oliver now moves the Court for a certificate of appealability (COA) to appeal that dismissal. Doc. # 17.

To obtain a COA, a § 2254 petitioner must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial question" about a procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. 28 U.S.C.A. § 2253(c)(2); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007).

While the body of Oliver's motion is rich with constitutional claims,[1] it is noticeably devoid of arguments pertaining to the procedural reasons for which his § 2254 petition was dismissed. Doc. # 17 at 1-3. The conclusion of his motion, however, touches on the Court's refusal to equitably toll the statute of limitations in favor of his petition. *Id.* at 3-4. Specifically, Oliver offers a letter written by his attorney and mailed to the State Bar of Georgia, stating that a copy of the state appellate court's decision affirming Oliver conviction was sent to him on 3/31/06. *Id.* at 7. He then offers a letter from the Autry State Prison's mailroom clerk confirming that he received no legal documents during the months of March and April 2006. *Id.* at 8. While these exhibits certainly bolster the fact that Oliver was not informed of his failed appeal prior to May 2006, they do nothing to disturb the Court's holding that equitable tolling is unavailable in Oliver's case.[2]

Oliver had one year from 4/2/06 -- ten days after his conviction became final -- to petition this Court for § 2254 relief, and, in that time, he wrote a single letter to his attorney inquiring about the status of his appeal. Doc # 12 at 5. Reasonable jurists would surely agree that Oliver failed to exercise due diligence in preserving his legal rights. They would further agree that the alleged failure by a petitioner's attorney to inform him of his failed appeal is not the type of extraordinary event that would prevent him from timely filing his § 2254 petition. *See Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008) ("[T]his court has said repeatedly that even attorney negligence is not a basis for equitable tolling.") (citing *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir.

---

[1] The Court, however, need not address these constitutional claims as this motion can be disposed of solely on procedural grounds. *See Slack*, 529 U.S. at 485 ("The recognition that the court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of, allows and encourages the court to first resolve procedural issues.") (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)) (internal quotations and citations omitted).

[2] In fact, when the Court originally held that equitable tolling was unavailable, it accepted as true Oliver's assertion that his attorney never informed him of the failed appeal. Doc. # 12 at 5.

2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999)).

Because the Court still sees no reason to excuse the lateness of Monroe Oliver's § 2254 petition, his motion for a COA is ***DENIED***. Doc. # 17.

This day of 30 September 2009

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA